PHELPS, Appellant, *vs.* RELFE, Respondent.

1. P. gave a note, with R. &. E. as his sureties, to whom he executed a mort-gage on real estate for their indemnity. R. & E. subsequently paid the note in equal proportions. E. afterwards purchased P.'s equity of redemption in the real estate under execution. There was an understanding between R. & E. that the purchase was on their joint account, but the deed was made to E. and it did not appear that R. was in a situation to enforce the agreement. In a suit by P. against R. for the statutory penalty for refusing to enter satisfaction of the mortgage, and to compel him to deliver up the note in his possession to be cancelled, *held*, that it could not be maintained.

## *Appeal from Washington Circuit Court.*

This was an action brought to recover the statutory penalty for a refusal to enter satisfaction of a mortgage, and to compel the defendant to deliver up a note to be cancelled. The facts are stated in the opinion of the court.

*M. Frissell*, for appellant. The purchase under execu-tion by Evans & Relfe of Phelps' equity of redemption extin-guished the mortgage and with it the mortgage debt. (1 Hil-liard on Mortgages, 329, §61, 330, §64. 2 Ib. p. 1 and 2.)

*J. W. Noell*, for respondent. 1. As the mortgagor had no interest remaining in the mortgaged property, he could not be aggrieved by a failure to enter satisfaction. (R. C. 1835 and 1845, tit. " Mortgages.") 2. The facts shown do not con-stitute a satisfaction of the mortgage.

RYLAND, Judge, delivered the opinion of the court.

Some time in February, in the year eighteen hundred and thirty-four, the plaintiff, Timothy Phelps, borrowed of Wash-ington county the sum of four hundred dollars, for the pay-ment of which he executed his note, with James H. Relfe and James C. Johnson his sureties. At the same time, the plain-tiff, in order to secure his said sureties, executed to them a mortgage on a certain tract of land situated in the county of Perry, containing two hundred and thirty-eight acres and nine-

teen hundredths, originally confirmed to Noel Hornback, and numbered on the official plat 377. This mortgage was shortly after its date duly recorded in said county of Perry. James S. Evans was subsequently substituted for said James C. Johnson. In November, 1839, an execution was issued in favor of Austin H. Hawkins against the plaintiff, Phelps, and was by the sheriff of Perry county levied upon the land above described; and on the 23d of March, 1840, the said sheriff sold all the right, title and interest of the plaintiff in and to said land, and said James S. Evans, who had been substituted in place of the surety, Johnson, became the purchaser thereof. This purchase by Evans was with an understanding on the part of Relfe to be on their joint account. The deed was made to Evans alone. Relfe and Evans afterwards disagreeing in regard to the manner and terms of the purchase, Evans has never made Relfe any title to any part of the land, but retains the whole himself. The defendant, Relfe, and the said Evans have each paid one half of the amount due on the said note to the county of Washington. The defendant, Relfe, has never received any thing for the money which he paid to Washington county as surety for Phelps, unless the above purchase of Phelps' land by Evans is held to be such. The land, at the time of the purchase thereof by Evans, was supposed to be worth from eight to ten dollars per acre; but after the flood in the year eighteen hundred and forty-four, and down to the trial of this suit, was worth not more than two dollars and fifty cents per acre. On or about the 30th day of December, 1851, the plaintiff requested the defendant to enter satisfaction on the margin of the record of said mortgage, which the defendant has hitherto failed to do.

This suit is for the penalty prescribed by the statute for failing to enter satisfaction on the margin of the record of a mortgage, when it has been paid; also to compel defendant to bring in the note to Washington county before the court to be cancelled, so far as regards the rights of the defendant, Relfe, and for other and general relief.

Phelps *v.* Relfe.

These are the facts substantially as found by the court, and upon these facts, the Circuit Court refused to give the plaintiff any relief, and entered a decree for the defendant. The plaintiff thereupon prayed for an appeal, and brings the case here for further adjudication.

1. The statute concerning mortgages, (R. C. 1845,) which was the law in force at the time the request in this case was made to have satisfaction entered on the margin of the record, declares, in section 22 : " If any mortgagee, his executor or administrator or assignee receive full satisfaction of any mortgage, he shall, at the request of the person making the same, acknowledge satisfaction of the mortgage on the margin of the record thereof, or deliver to such person a sufficient deed of release of the mortgage." Sec. 23. " If any such person thus receiving satisfaction do not, within thirty days after request, acknowledge satisfaction on the margin of the record, or deliver to the person making satisfaction a sufficient deed of release, he shall forfeit to the party aggrieved ten per cent. upon the amount of the mortgage money absolutely, and any other damages he may be able to prove he has sustained, to be recovered in any court of competent jurisdiction."

Sec. 24 declares the effect of such acknowledgment of satisfaction thus made, and of such deed of release acknowledged and recorded, to be, " to release the mortgage and bar all actions brought thereon, and reinvest in the mortgagor or his legal representatives all title to the mortgaged property."

How can the mortgage in this case be considered satisfied? Only by reason of the purchase by the mortgagee of the mortgaged premises, and this purchase can be considered a satisfaction of the mortgage, alone because it vests in the mortgagee the mortgaged property. Would it not be a strange proceeding to require a mortgagee, who is paid in this manner, to acknowledge satisfaction on the record and thereby restore the property received to the mortgagor? Such is the glaring absurdity of the case upon which this plaintiff seeks not only

relief, but insists upon the imposition of a penalty upon another.

The principle is well established that the purchase by the mortgagee of the equity of redemption in the mortgaged premises extinguishes the mortgage debt, and the effect is the same, whether the purchase is by a direct contract with the mortgagor or at a sale of the land by execution under a junior judgment. (1 Bailey's Eq. Rep. 338. 2 Cow. Rep. 300.) In this case, however, the court is not to be understood as expressing the opinion that the matters set up and found as above, constitute any payment of the mortgage, as against Relfe. It is enough to say, if they did, that would be the very reason why the plaintiff should not have the relief he seeks.

The judgment is affirmed; the other judges concurring.